UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

                                                **Civil Action 2:20-cr-94**
                                                **Judge Sarah D. Morrison**
         **v.**                                 **Magistrate Judge Chelsey M. Vascura**

**ROBERT K. ASANTE.**

## OPINION AND ORDER

This matter came before the Court for a bond revocation hearing on June 8, 2022. As the record in this case reveals, Defendant Robert K. Asante appeared before the Court for his initial appearance on March 4, 2020, and was released on his own recognizance under Pretrial Services supervision with various conditions of release, including that he surrender an passport and not obtain another passport or other international travel document. (ECF No. 7.) In addition, Mr. Asante was subject to electronic location monitoring and placed on a curfew. (*Id*.) Thereafter, Mr. Asante filed *three* motions to modify his conditions of relief, requesting that his location monitoring be removed. The Court denied all three motions, most recently explaining as follows:

> The Court continues to believe that Mr. Asante is a flight risk based on his travel history, his significant financial assets and family ties in Ghana, his lack of financial assets and family ties in the United States, and the steep penalties he faces if he is convicted of the crime charged.

(ECF No. 181 at PAGEID # 892.)

On June 1, 2022, the Government filed an Emergency Ex Parte Motion to Revoke Defendant's Release and for an Order of Detention (ECF No. 205) after it learned that Mr. Asante booked an international flight. The Court granted the Government's Motion and issued an arrest

warrant. (ECF Nos. 205 and 206.) Mr. Asante was arrested on June 2, 2022.

During the bond revocation hearing, the Government proffered two voice recordings demonstrating that Mr. Asante booked a flight to Canada, scheduled to depart from Columbus, Ohio on June 2, 2022. The Government also proffered the airline confirmation receipts, sent to Mr. Asante's email address. Defense counsel proffered an email from MedFirst Consulting, dated March 2, 2022, that showed that Mr. Asante had been hired to perform work for Medfirst Consulting "in Ontario," with travel to Canada on June 1, 2022, and a June 3, 2022 start date. Mr. Asante testified during the hearing and acknowledged that he had accepted a position with MedFirst Consulting that required him to travel and that he did, in fact, book a flight to Canada. Mr. Asante further acknowledged that he did not inform his Pretrial Services officer that he had entered into this employment contract or that he had booked an international flight. Mr. Asante argued that he had no intention of traveling to Canada and that he planned to cancel his June 1 flight to Canada on June 1, the day he was arrested. Defense counsel argued that Mr. Asante agreed to the job in Ontario, Canada to preserve his relationship with MedFirst Consulting with the hopes that MedFirst Consulting would offer him other positions that could be performed remotely.

## I.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond under 18 U.S.C. § 3142 and has violated a condition of his or her release is subject to having bond revoked. Section 3148(b) provides as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
> (1) finds that there is--
>
> (A) probable cause to believe that the person has committed a Federal,

2

     State, or local crime while on release; or

  (B)  clear and convincing evidence that the person has violated any other condition of release; and

(2)  finds that--

 (A)  based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

 (B)  the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. . . .

18 U.S.C. § 3148(b).

In addition, where a defendant poses a serious risk of flight, upon the Government's motion or the judicial officer's own motion, the Court may hold a hearing to determine whether any conditions will reasonably assure the appearance of such person. 18 U.S.C. § 3142(f)(2).

## II.

The undersigned finds that the evidence adduced at the revocation hearing constitutes clear and convincing evidence that Mr. Asante violated conditions of his release. Regardless, the evidence proffered, together with the evidence adduced during Mr. Asante's first bond hearing, establishes that he poses a serious risk of flight such that the Court must proceed to consider whether the Court could impose conditions that would reasonably assure Mr. Asante's appearance at future Court proceedings. In making this finding, the undersigned finds Mr. Asante's testimony to lack credibility. Mr. Asante knew when he applied for and accepted the position with

3

MedFirst Consulting that it would require international travel. In fact, Mr. Asante booked an international flight to Canada as evidenced by his own admissions, the voice recordings, and the confirmation emails he received. Mr. Asante did not inform his Pretrial Services Officer that he entered into a contract that required him to work in Canada or that he booked a flight to Canada. Nor did Mr. Asante cancel his flight to Canada or otherwise inform MedFirst Consulting that he would not be reporting to work for the position he had accepted.   These facts undermine Defense counsel's arguments that Mr. Asante accepted the position and booked an international flight simply to preserve his relationship with MedFirst Consulting.

Mr. Asante's actions, together with the information Judge Morrison highlighted in denying his third request to remove location monitoring and the facts highlighted in the Government's Emergency Motion, lead the undersigned to conclude that there are no conditions of release that the Court could impose that would reasonably assure his appearance at future Court proceedings. Under these circumstances, revocation of Mr. Asante's release is warranted.

### III.

For the reasons set forth above, **IT IS THEREFORE ORDERED** that the bond previously set in this matter is **REVOKED** and that Mr. Asante is **ORDERED DETAINED** until further Order of this Court.

**IT IS SO ORDERED.**

                                      /s/ *Chelsey M. Vascura*
                                      CHELSEY M. VASCURA
                                      UNITED STATES MAGISTRATE JUDGE