IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:20-cr-94(1) |
| v. : | |
| : | JUDGE SARAH D. MORRISON |
| **ROBERT K. ASANTE,** : | |
| : | |
| : | |
| **Defendant.** : | |

## ORDER

This matter is before the Court for consideration of Defendant Robert K. Asante's Motion to Revoke Detention Order (ECF No. 221) and the Government's Opposition (ECF No. 222). Having considered the arguments and evidence, the Court **DENIES** the motion for the reasons that follow.

I.     **FACTUAL ALLEGATIONS**

Defendant was arrested on March 4, 2020, after being charged by Criminal Complaint with one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 3.) At Defendant's initial appearance, the Magistrate Judge issued an Order setting the conditions of his release. (ECF No. 7.) The conditions required Defendant to surrender his passport to the Clerk of Courts and not to obtain a passport or other international travel document. They also required him to submit to GPS location monitoring, abide by a curfew, and appear in court as required. (*Id.*)

A grand jury returned an indictment charging Defendant with engaging in a Conspiracy to Commit Money Laundering related to laundering the proceeds of online romance fraud. (ECF No. 22.) Two superseding indictments followed, adding more charges and defendants. (ECF Nos. 85, 152.) Since that initial indictment, Mr. Asante has filed three motions to modify the conditions of release. (ECF Nos. 39, 129, 174.) Despite his repeated requests for modification, the GPS monitoring and travel restrictions remained in place. As the Court recently explained:

> The Court continues to believe that Mr. Asante is a flight risk based on his travel history, his significant financial assets and family ties in Ghana, his lack of financial assets and family ties in the United States, and the steep penalties he faces if he is convicted of the crime charged.

(ECF No. 181, Order Denying Defendant's Third Motion to Modify Conditions of Release, PageID 892.)

On June 1, 2022, the Government filed an Emergency Ex Parte Motion to Revoke Defendant's Release and for an Order of Detention (ECF No. 205) after it learned that plane tickets had been purchased in Defendant's name to fly from Columbus to Toronto the following day. The Court granted the motion and issued an arrest warrant; Mr. Asante was arrested on June 2, 2022. (ECF Nos. 207, 210.)

The Magistrate Judge held a hearing to determine whether Defendant's release should be revoked. After the parties put on evidence, the Magistrate Judge revoked his release and ordered him detained. (ECF No. 216.) Defendant now seeks revocation of that detention order.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The court with original jurisdiction then reviews the magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (Marbley, J.) (explaining that although the Sixth Circuit has not mandated a particular standard of review, "the majority view appears to favor . . . *de novo* review of detention orders").

While the district court is obligated to review the magistrate's determination, it need not hold a hearing on the motion. *See, e.g.*, *U.S. v. Romans*, 2000 WL 658042, *1 (6th Cir. 2000) (affirming district court review without a hearing); *see also U.S. v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985) ("[I]n most cases, a trial court's review of a transcript of proceedings would, either as part of a *de novo* detention hearing, or as part of a review of a detention order under 18 U.S.C. § 3145(b) be sufficient to withstand appellate review.").

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the burden of proving by clear and

convincing evidence that no conditions will reasonably assure the safety of community. *Id.* at § 3142(f); *U.S. v. Salerno*, 481 U.S. 739, 752 (1985). The judicial officer shall consider several factors in deciding whether to set conditions of release, including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release….

*Id.* at § 3142(g). If the Court determines that a detention order is necessary, it shall submit a written statement of the reasons for the detention. *Id.* at § 3142(i)(1).

### III.   ANALYSIS

The Court has reviewed the evidence and arguments presented by the parties, all pertinent filings, and listened to the June 8, 2022 bond revocation hearing. In light of those actions, the Court has reviewed *de novo* the Magistrate Judge's detention order. The Court finds two grounds for denying Defendant's

Motion (ECF No. 221.) First, he violated the conditions of release. Second, under the 18 U.S.C. § 3142(g) factors, Defendant is a flight risk – no condition or combination of conditions will reasonably assure his appearance at future proceedings.

### A. Defendant Violated the Conditions of Release

As discussed, the conditions required Mr. Asante to surrender his passport and not to obtain a passport or other international travel document. They also required him to submit to GPS location monitoring, abide by a curfew, and appear in court as required. "A person who has been released . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

Despite these conditions and potential consequences of violating them, Mr. Asante booked an international flight set to leave on June 2, 2022. (ECF No. 215-1.) He confirmed the flight with a travel agent as recently as May 20, 2022. The conditions of release were put in place specifically to mitigate the risk of domestic and international travel outside of Ohio, yet Mr. Asante disregarded these restrictions and went forward with confirming the international flight.

Mr. Asante argues he took these actions as part of his employment with MedFirst Consulting, which required travel to Canada. But he never informed MedFirst or the Court that he did not intend travel to Canada despite booking the flight, even though he knew that he was forbidden from such travel. The Magistrate Judge correctly found that Mr. Asante violated the conditions of release and ordered him detained.

5

### B. Defendant is a Flight Risk

In addition to Mr. Asante violating the conditions of his release, no conditions will reasonably assure his future appearance. In making this determination, the Court applies the § 3142(g) factors.

### 1. Nature and Circumstances of the Offenses Charged

Defendant is charged with multiple counts of money laundering and fraud. The crimes do not involve violence; terrorism; minors; controlled substances; interference with commerce by robbery, extortion or threat of violence; explosives; or destructive devices. The first § 3142(g) factor weighs against detention.

### 2. Weight of the Evidence Against the Person

Defendant has plead not guilty to the second superseding indictment. A *Lafler* hearing was held in this case on June 28, 2022 and, at that hearing, the Government laid out some of the evidence it intends to introduce at trial and indicated that it believes its case against Mr. Asante is "strong." *See Tunnell v. Wiley*, 369 F. Supp. 1260, 1266 (E.D. Pa. 1974), aff'd, 514 F.2d 971 (3d Cir. 1975) (finding that the opinion of the prosecutor as to weight of evidence against the accused is an appropriate consideration.) The Court also takes note that a related case was recently tried before another judge of this Court and the defendant was convicted on all counts. Case No. 21-cr-98 (S.D. Ohio May 27, 2021) (Marbley, J.). That conviction goes directly to the strength of the evidence against Mr. Asante – who faces charges stemming from similar criminal activity.

The Court does not conflate this analysis with concluding that Mr. Asante is guilty. The two determinations "could not be more different." *United States v. Kent*, 496 F. Supp. 3d 500, 505 (D.D.C. 2020) (Judges "can both presume innocence and assess how strong *or* weak . . . evidence is as to guilt or innocence." (emphasis in original)).

Thus, while this factor is generally considered the least important factor for the Court to consider in determining whether detention is appropriate, it does favor detention. *See United States v. Townsend*, 897 F. 2d 989, 994 (9th Cir. 1990).

### 3. History and Characteristics of the Person

Defendant's history and characteristics strongly support that he is a flight risk. Mr. Asante frequently traveled to his home country, Ghana, before his arrest and has familial ties there. He has significant assets in Ghana, including bank accounts, funds, and real estate. (ECF No. 43-7.) He does not have similar financial ties to the United States, where he rents a residence and has no domestic assets. Mr. Asante also faces considerable penalties if convicted of the charges against him, creating additional incentive to flee. That his ex-wife and two children live in the United States is not sufficient to overcome the evidence that he is a flight risk.

The third § 3142(g) factor therefore weighs heavily in favor of detention.

### 4. Nature and Seriousness of the Danger to any Person or the Community

A defendant can be considered a "danger to any person or the community" without posing a risk of physical violence or harm. *United States v. Isaacs*, 469 F. Supp. 3d 801, 804 (S.D. Ohio 2020) (McFarland, J.) (citation omitted). Here, the

7

economic harm of the charged offenses involves tens of thousands of dollars taken from victims, as well as the unpermitted use of another's identity. If not detained, Mr. Asante poses a risk of future economic and other nonphysical harm to the community. *See id.* Thus, the fourth factor weighs in favor of detention.

In sum, the Court finds that the three of the four factors weigh in favor of detention.

## IV. CONCLUSION

Therefore, upon *de novo* review, and after weighing all the evidence and reviewing the record, this Court finds that the Government has proven by clear and convincing evidence that Defendant violated the conditions of his release and that he poses a serious risk of flight; there is no condition or combination of conditions of release that will reasonably assure Defendant's appearance at future court proceedings. 18 U.S.C. § 3142(f).

Accordingly, Defendant will remain detained pending sentencing. The Court **DENIES** Defendant's Motion to Revoke Detention Order. (ECF No. 221.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**